DAVID T. MALOOF (DM 3350)
THOMAS M. EAGAN (TM 1713)
MALOOF BROWNE & EAGAN LLC
411 Theodore Fremd Avenue - Suite 190
Rye, New York 10580
(914) 921-1200
*Attorneys for Plaintiff Nipponkoa Company Ltd.*



FILED
JUN 1 3 2007
USDC WP SDNY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

NIPPONKOA INSURANCE COMPANY
LIMITED,

        *Plaintiff,*

- against -

TOTAL TERMINALS INTERNATIONAL LLC,
and TRANSBAY CONTAINER TERMINAL,
INC.,

        *Defendants.*
------------------------------------x

07 CIV. 5637

07 Civ.

**COMPLAINT**

Plaintiff, NipponKoa Insurance Company Limited, by its attorneys, Maloof Browne & Eagan LLC, as and for its Amended Complaint, alleges upon information and belief:

1. All and singular the following premises are true and constitute claims arising under an Act of Congress regulating commerce within the meaning of 28 U.S.C. §1337(a), and under 28 U.S.C. §1333, and arising under Rule 9(h) within the admiralty and maritime jurisdiction of this Honorable Court, as well as claims arising under federal common law.

2. Venue is proper here within the applicable legal precedents and/or within the meaning of 28 U.S.C. § 1391. All Defendants reside within this District within the meaning of 28 U.S.C. § 1391(c). Defendants do business in this District and/or within the Port of New York and are one of the largest providers of stevedoring and terminal services in the country with customers

worldwide.

3. At all material times hereto, Plaintiff NipponKoa Insurance Company Ltd. ("Plaintiff" or "NipponKoa") is and was a corporation organized and existing under the laws of Japan, with its principal place of business in Japan.

4. NipponKoa is the indemnitor, subrogee and/or assignee of Nippon Express U.S.A. (Illinois), Inc. (hereinafter "Nippon Express"), a corporation organized and existing under the laws of the State of Illinois, which was engaged in business as a non-vessel operating common carrier of goods for hire at all material times hereto. Nipponkoa is also an assignee of the rights of Sompo Japan Insurance, Inc, Canon's (defined below) insurer.

5. At all material times hereto, Defendant Total Terminals International LLC, doing business in part as Transbay Container Terminal, Inc., (collectively "TransBay") were and are companies organized and existing under the laws of California with terminal operation in Oakland, California.

6. M/V Chang Jiang Bridge ("Vessel") and Yang Ming Marine Transport Corporation ("Yang Ming") are and were corporations or other entities organized and existing under the laws of a foreign country, do business in this District, and were and now are engaged in business as common carriers of merchandise by water for hire, and issued one or more bills of lading pertaining to the common carriage of merchandise carried for hire between Oakland, California and Tokyo, Japan.

7. On or about September 26, 2004, Nippon Express issued Waybill No. SFTY469775 for the carriage of five containers from Oakland, California to Tokyo, Japan (hereinafter the "Shipment"). The Waybill described the cargo as "Printer Parts (Defective Return)", and listed Canon USA Inc. as the shipper, and Canon, Inc. (collectively "Canon") as the consignee.

2

8. Nippon Express hired Defendant Yang Ming to perform the carriage of the Shipment from Oakland to Tokyo.

9. On or about September 25, 2004, Yang Ming issued its Bill of Lading YMLUW160067969 for the carriage of the Shipment from Oakland, California to Tokyo, Japan, which named Nippon Express as the "shipper".

10. On or about September 25, 2004, the Shipment was delivered to Yang Ming in Oakland, California. In consideration of certain agreed freight charges thereupon paid or agreed to be paid, Yang Ming further agreed to transport and carry said Shipment to Tokyo, Japan, and there deliver the Shipment, in like order and condition as when received, to Nippon Express or its designee. Subsequently, Nippon Express directed Yang Ming to "dray off" and not to load the containers because the cargo needed to be reloaded from dry containers into reefer containers. Yang Ming then so informed TransBay. TransBay, however, failed to follow that instruction and loaded the dry containers on the vessel Chang Jiang Bridge anyway.

11. Thereafter, the said Vessel arrived at the port of destination, and the Defendants then made delivery of the said Shipment.

12. The Shipment arrived not in the same order and condition as when shipped, delivered to and received by Defendants, but on the contrary, seriously injured and impaired in value.

13. As a direct result of said injury and impairment in value, Nippon Express incurred liability to Canon and/or its consignee and incurred other expenses and damages.

14. Nippon Express's loss resulted from the breach of contract and negligence on the part of Yang Ming and the Vessel to perform their duties in a proper, careful and workmanlike manner, and the breach of their duties as a carrier under the terms of the applicable bills of lading, contracts of carriage, tariffs, and/or applicable law.

15. Thereafter, NipponKoa duly paid $55,000 to Sompo Japan Insurance, Inc., and received by Assignment all of Sompo's and Nippon Express's rights, title, and interest in connection with Nippon Express's claims against Yang Ming and the Vessel.

16. Plaintiff brings this action on its own behalf and as agent, trustee, assignee and/or subrogee, on behalf of and for the interests of all parties interested in and who were damaged as a result of the loss and injury to the said Shipment, as their respective interests may ultimately appear, and Plaintiff is duly entitled to maintain this action.

17. NipponKoa and Nippon Express have performed all conditions on their part to be performed.

18. By reason of the foregoing, Plaintiff and others on behalf of whom Plaintiff sues, has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in a sum estimated to be up to or exceeding U.S. $600,000.00.

### FIRST CAUSE OF ACTION: BREACH OF CONTRACT AND OTHER LEGAL DUTIES

19. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 18 above.

20. The Shipment was placed in the care, custody and control of the Defendants in Oakland, California, pursuant to certain contracts, both express and implied between or among Canon, Nippon Express Co. U.S.A. (Illinois) Inc. and the Defendants.

21. The owner and/or insurer of the Shipment made claim on Nippon Express in excess of $500,000 on account of the alleged damage, and then by its insurer assigned its rights to NipponKoa as Nippon Express' insurers.

4

22. If the Shipment sustained any damage or non-delivery, it resulted from the breach of contract on the part of the Defendants to perform their duties in a proper, careful and workmanlike manner, and breach of its duties as a carrier under the terms of the bill of lading, and/ or applicable contracts and statutes.

23. As a result of the foregoing, Nippon Express is entitled to damages, together with the costs and disbursements of this action and reasonable attorney's fees and costs from the Defendant.

### SECOND CAUSE OF ACTION: NEGLIGENCE OR OTHER FAULT

24. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 23 above.

25. The Shipment was placed in the care, custody and control of the Defendants in Oakland, California.

26. The owner and/or insurer of the Shipment made claim on Nippon Express in excess of $500,000 on account of the alleged damage, and then by its insurer assigned its rights to NipponKoa as Nippon Express' insurers.

27. If the Shipment sustained any damage or non-delivery, it resulted from the breach of duty on the part of the Defendants to perform their duties in a proper, careful and workmanlike manner, or through other tortious conduct.

27. As a result of the foregoing, Nippon Express is entitled to damages, together with the costs and disbursements of this action and reasonable attorney's fees and costs from the Defendant.

## THIRD CAUSE OF ACTION:
## INDEMNITY AND CONTRIBUTION

28. Plaintiff incorporates herein by reference the allegations of paragraphs 1 – 27 above.

29. Plaintiff has already paid to Sompo Japan the sum of $55,000 as a result of the damages set forth above.

30. NipponKoa as insurer of Nippon Express is entitled to indemnity or contribution from Defendants for all or a proportionate amount of the sum as paid above ($55,000) together with expenses, including attorneys' fees, costs and interest, in defending against the actions or claims against Nippon Express.

WHEREFORE, Plaintiff NipponKoa requests an order and relief from this Court as follows:

1. That process in due form of law may issue against each of the Defendants citing them to appear and answer all and singular the matters aforesaid;

2. That if said Defendants cannot be found within this District, then all their property within this District be attached in a sum estimated to be up to or exceed U.S. $600,000, with interest thereon and costs, the sum sued for in this Complaint;

3. That judgment may be entered in favor of Plaintiff against Defendants on each of the Causes of Action for the amount of Plaintiff's damages, together with interest and costs and attorneys fees and the disbursements of this action;

4. That this Court will grant to Plaintiff such other and further relief as may be just and proper.

Dated: Rye, New York
       June 12, 2007

                                      MALOOF BROWNE & EAGAN LLC

                                      By: _____
                                      David T. Maloof (DM 3350)
                                      Thomas M. Eagan (TM 1713)
                                      411 Theodore Fremd Avenue – Suite 190
                                      Rye, New York 10580
                                      Tel: (914) 921-1200
                                      Fax: (914) 921-1023
                                      *Attorneys for Plaintiff*
                                      *Nippon Express U.S.A. (Illinois), Inc.*

\\SERVER1\Company\WP-DOCS\1412.37\061107 COMPLAINT.doc